IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02422-BNB

MELVIN VIERRA,

Applicant,

v.

UNITED STATES DISTRICT COURT, and
MORGAN CITY DIST. COURT,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 2 2 2010

GREGORY C. LANGHAM
CLERK

ORDER DIRECTING APPLICANT TO FILE AMENDED PLEADING

Applicant, Melvin Vierra, is a prisoner in the custody of the Colorado Department of Corrections and is currently incarcerated at the Colorado State Penitentiary. Mr. Vierra initiated this action by filing *pro se* a motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

On October 5, 2010, the Court entered an order directing the Clerk of the Court to commence a civil action and directing Mr. Vierra to cure certain deficiencies if he wished to pursue his claims. More specifically, the Court ordered Mr. Vierra to file the *in forma pauperis* motion on the proper form as required by the Court's local rules and to submit a certificate showing the balance in his inmate account in support of his request to proceed *in forma pauperis*. Mr. Vierra was also directed to file his claims on an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.

On October 18, 2010, Mr. Vierra filed a letter to the Court, an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, and a Motion and Affidavit for Leave to Proceed under 28 U.S.C. § 1915. On October 21, 2010, he paid the $5.00 filing fee.

The Court must construe the Application submitted by Mr. Vierra liberally because he is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Vierra will be directed to file an Amended Application.

The Court has reviewed the Application filed on October 18 and finds that it is deficient. First, Mr. Vierra fails to name his custodian as a Respondent. The law is well-established that the only proper respondent to a habeas corpus action is the applicant's custodian. See 28 U.S.C. § 2242; Rules 2(a) and 1(b), Rules Governing Section 2254 Cases in the United States District Courts; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995). Because Mr. Vierra is confined at the Colorado State Penitentiary and is attacking a Colorado state conviction, he must name as Respondents the official in charge of the Colorado State Penitentiary and the Attorney General of the State of Colorado. The United States District Court and the Morgan City District Court are not proper parties to this action.

The Application also is deficient because Mr. Vierra fails to provide a clear statement of the claims he is asserting in this action. The lack of clarity is caused in part by Mr. Vierra's handwriting, which makes the Application difficult to read and, in places, illegible. Furthermore, Mr. Vierra fails to identify clearly the federal constitutional

2

right that allegedly has been violated in connection with each asserted claim. In fact, it appears that several of the claims Mr. Vierra is asserting are not habeas corpus claims at all because those claims do not relate to the validity of the 2009 Colorado state conviction he is challenging in this action. For example, in his second claim, Mr. Vierra asserts that he sent a few letters to the "Morgan combined court" that were never answered. This claim does not implicate the validity of his Colorado state conviction. Finally, Mr. Vierra fails to allege specific facts in support of each asserted claim to demonstrate that his federal constitutional rights have been violated.

For these reasons, if Mr. Vierra wishes to pursue any claims in this action, he must file an Amended Application that is legible, that clarifies the federal constitutional claims he is asserting, and that includes specific factual allegations in support of each asserted claim. Mr. Vierra is advised that § 2254 provides a remedy only for violations of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Vierra must "specify all [available] grounds for relief" and he must "state the facts supporting each ground." Furthermore, these habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). Naked allegations of constitutional violations are not cognizable under § 2254. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

ORDERED that Mr. Vierra file **within thirty (30) days from the date of this order** an Amended Application as directed in this order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Vierra, together with

3

a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that if Mr. Vierra fails within the time allowed to file an amended pleading that complies with this order as directed, the action will be dismissed without further notice.

DATED October 22, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02422-BNB

Melvin Vierra
Prisoner No. 87807
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 10/22/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk