IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02422-BNB

MELVIN VIERRA,

    Applicant,

v.

SUSAN JONES, Warden of C.S.P., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO, JOHN SUTHERS,

    Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 1 8 2011

GREGORY C. LANGHAM
CLERK

---

### ORDER OF DISMISSAL

---

Applicant, Melvin Vierra, is a prisoner in the custody of the Colorado Department of Corrections (DOC) and is currently incarcerated at the Colorado State Penitentiary. Mr. Vierra initiated this action by submitting to the Court a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on October 18, 2010, and an Amended § 2254 Application on November 19, 2010. Mr. Vierra is challenging the validity of his conviction and sentence in Case No. 08CR12, in the Morgan County District Court.

In an order filed on December 13, 2010, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses. On December 30, 2010, Respondents submitted a Pre-Answer Response. Mr. Vierra submitted letters to the Court on January 6, 2011; January 11, 2011; January 12, 2011; January 14, 2011; and January 31, 2011, that the Court will

construe as his Reply.

The Court must construe liberally the Amended Application and Reply filed by Mr. Vierra because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Amended Application will be dismissed.

On June 6, 2009, Mr. Vierra pled guilty to escape after he absconded from parole supervision in 2008. Pre-Answer Resp. at 4. On July 9, 2009, the trial court sentenced him to eight years in the custody of the DOC. *Id.* at Ex. A, p. 10. Mr. Vierra did not file a direct appeal.

On October 22, 2010, Mr. Vierra filed a *pro se* motion for reconsideration of sentence pursuant to Colorado Rule of Criminal Procedure 35(b), which the trial court denied on November 2, 2009. *Id.* at 9-10. Mr. Vierra did not file an appeal.

On September 17, 2010, Mr. Vierra filed a *pro se* motion pursuant to Colo. R. Crim. P. 35(c), which the trial court denied on September 20, 2010. *Id.* at 9. Mr. Vierra did not file an appeal.

On November 2, 2010, Mr. Vierra filed a second *pro se* motion pursuant to Colo. R. Crim. P. 35(c), which the trial court denied on November 4, 2010. *Id.* at 8-9. Mr. Vierra did not file an appeal.

Mr. Vierra then filed the Application for a Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2254, which was received by the Court on October 18, 2010, and the

Amended Application, which was received by the Court on November 19, 2010.  In the

Amended Application, Mr. Vierra asserts three claims for relief:

(1) His court-appointed counsel failed to file a direct appeal;

(2) New evidence is available which demonstrates that his conviction is invalid;

and

(3) His learning disability is a "major factor" that should have been considered by

the state courts.

Respondents concede that the instant action is timely filed pursuant to 28 U.S.C.

§ 2244(d).  However, Respondents contend that Mr. Vierra failed to exhaust state court

remedies for his claims because he has not presented his claims to the state's highest

court.  Pre-Answer Resp. at 15.  Respondents further argue that Mr. Vierra's claims are

now procedurally defaulted because the time for filing an appeal under state law has

expired.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus

may not be granted unless it appears that the applicant has exhausted state remedies

or that no adequate state remedies are available or effective to protect the applicant's

rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State*

*Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is

satisfied once the federal claim has been presented fairly to the state courts.  *See*

*Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the

federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

If a petitioner has not exhausted his state remedies, his petition is generally denied without prejudice so that he may present his claims to the state court. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). However, if "the court to which the petitioner would be required to present his claim in order to meet the exhaustion requirement would now find the claims procedurally barred," then the petitioner is

4

considered to have procedurally defaulted his claims and federal habeas review is precluded. *Id.* at 755 n. 1. Indeed, a federal district court "does not address issues that have been defaulted in state court on an independent and adequate procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998) (citations omitted). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman,* 501 U.S. at 730.

The Court has reviewed the state court briefs in Mr. Vierra's case, copies of which were submitted by Respondents with their Pre-Answer Response. As evidenced by those records, Mr. Vierra filed his first Rule 35(c) motion on September 17, 2010, which was denied by the trial court on September 20, 2010. Pre-Answer Resp. at Ex. A, p. 9. Mr. Vierra thereafter had forty-five days, or until November 4, 2010, to appeal the denial of this motion to the Colorado Court of Appeals. *See* Colo. App. R. 4(b)(1). Mr. Vierra filed a second Rule 35(c) motion on November 2, 2010, which was denied by the trial court on November 4, 2010. Pre-Answer Resp. at Ex. A, p. 9. Mr. Vierra thereafter had forty-five days, or until December 20, 2010, to appeal the denial of this motion to the Colorado Court of Appeals. *See* Colo. App. R. 4(b)(1). Respondents indicate that, as of December 30, 2011, Mr. Vierra had not filed a notice of appeal with the state appellate court. *See* Supp. Pre-Answer Resp. at 15-16. Accordingly, Mr. Vierra has failed to exhaust these claims, because he has not yet presented them to the highest state court. *Dever*, 36 F.3d at 1534.

However, because the Court cannot definitively say whether the state appellate court will permit Mr. Vierra to file an untimely notice of appeal, the Court will not dismiss his claims as procedurally defaulted. Instead, the Court finds that Mr. Vierra failed to exhaust state court remedies for these claims, and that he may yet be afforded the opportunity to present his claims to the Colorado Court of Appeals. Therefore, these claims will be dismissed without prejudice for failure to exhaust state court remedies. Accordingly, it is

ORDERED that the amended habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust state court remedies. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this 17th day of February, 2011.

BY THE COURT:

ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02422-BNB

Melvin Vierra
Prisoner No.  87807
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777

I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on February 18, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk